JOHN NASSAU, PLAINTIFF AND APPELLEE, v. OLIVER GUTTRIDGE, DEFENDANT AND APPELLANT.

Argued June 4, 1903—Decided November 9, 1903.

Plaintiff agreed in writing with one R. that when he should send him a creditable customer to purchase his merchandise to a certain sum, he would accept the draft of R. for a certain amount in payment of advertisements in R.'s paper, and on failure of R. to send plaintiff a customer the agreement to be void. In an action by plaintiff for goods sold to defendant, the latter claimed a set-off for a draft drawn by R. upon the plaintiff. *Held*, that there being no proof that R. had furnished creditable customers who had purchased and paid for the same, there was no liability of plaintiff to R. and allowance of the set-off was rightly refused.

---

On contract. On appeal from the District Court of Atlantic City.

Before Justices VAN SYCKEL and FORT.

For the appellant, *George A. Bourgeois.*

For the appellee, *Francis Lafferty.*

The opinion of the court was delivered by

FORT, J.   This suit was upon an account for goods sold and delivered.   The only question to be determined is whether the District Court rightly refused to allow a set-off of $80 claimed by the defendant upon a certain draft drawn by one T. F. Rose upon the plaintiff, but which had never been accepted by the plaintiff.   The plaintiff had made the following agreement with T. F. Rose:

"PHILADELPHIA, Jan. 17th, 1901.

"To T. F. Rose, Publisher Atlantic Coast Guide, Camden, N. J.:

"DEAR SIR—When you send me a *creditable customer or customers* to purchase from me my merchandise (varnishes, japans and fillers) to sum not less than two hundred dollars ($200) I will accept your draft for eighty dollars ($80) on account of the same, and which sum is to pay you in full for one year's advertisement in your paper, one quarter column space.   Should you fail to send me such a customer to purchase from me my goods to the sum of ($200) then this agreement is null and void and I am free from paying you for the advertisement in the above paper.

"*Mr. Rose is to have his credit when my bills are paid.*

"Accepted:                          JAMES NASSAU.

"T. F. ROSE."

There was no proof that Rose had furnished creditable customers who had purchased and paid for $200 worth of merchandise of the plaintiff.   In fact, it was admitted that if such purchase had been made it had not been paid for.   It was a condition precedent to the plaintiff's liability to Rose, for the $80, that the credit was only to be given after the bills had been paid.

The admission of the evidence objected to as to the meaning of the word "customer" in the agreement, in view of this construction of the agreement, was harmless, even if erroneous, which we do not pass upon.

The judgment of the District Court is affirmed, with costs.